**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT GRIFFIN BROWN,

    Petitioner,

-vs-                                          Case No.  8:05-CV-607-T-30EAJ
                                                                     8:03-CR-294-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This matter comes before the Court upon receipt of a Motion to Amend 28 U.S.C. § 2255 Habeas Corpus Petition (CV Dkt. 5). Petitioner, an inmate in a Federal penal institution proceeding *pro se*,[1] initiated this action by filing a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. §2255 challenging his 2004 conviction for drug-related charges (CV Dkt. 1 at 1/CR Dkt. 63). Petitioner seeks leave to amend his motion pursuant to Fed. R. Civ. P. 15(a) (CV Dkt. 5).

Rule 15(a), Fed. R. Civ. P., provides, in pertinent part, that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings (2004). Failure to do so could result in sanctions. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, Petitioner must also provide a self-addressed envelope with $3.95 postage affixed thereto. A copy of the Local Rules may be found in the Prison Law Library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

> pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Having reviewed the document attached to Petitioner's motion, the Court finds reason to question whether Petitioner is aware of the effect of an "amendment" to a motion, which is significantly different than that of a "supplement" to a motion. An amended motion completely *supersedes* the original motion, and once a motion is amended, the only issues before the Court are the ones raised in the text of the amended motion. *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended complaint under the Federal rules supercedes the original complaint); *Williams v. U.S.*, 2001 WL 530445 at *1 n.2 (S.D. Ala. 2001) (stating that "Plaintiff's last amended complaint (Doc. 9) will supersede his prior complaint (Doc. 1) and amended complaint (Doc. 6)."); *Gill v. Tillman*, 2001 WL 395051 at *1 (S.D. Ala. 2001) (same); *Brown v. E.F. Hutton & Co., Inc.,* 610 F.Supp. 76, 78 (S.D. Fla. 1985) (same).

Petitioner states that he "has submitted the . . . amendments in [his] memorandum brief to further support his initial claims, as well as to add two additional claims of ineffective assistance of counsel" (CV Dkt. 5 at 14). A review of the § 2255 motion pending before the Court reveals that Petitioner submitted one ground for relief, to wit:

> Ineffective Assistance of Counsel. Lawyer deceived petitioner into signing plea agreement. Lawyer lied and misrepresented the facts of the plea agreement. Lawyer breached the confidentiality of the lawyer/client relationship by telling prosecutor everything petitioner said. Lawyer failed to let prosecution know that petitioner changed his mind about the plea agreement.

CV Dkt. 1 at 4. In the memorandum of law Petitioner filed with his § 2255 motion, he presents five arguments in support of his ineffective assistance of counsel claim (CV Dkt. 2). If the Court were to accept the document submitted by Petitioner as an amendment to his §2255 motion, argument two and three of his original motion would no longer be

before this Court, and the "citation of authorities" would supersede each of the arguments presented in subclaims one, four, and five.

The Court will, therefore, **deny** Petitioner's motion without prejudice. If Petitioner wishes to amend his §2255 motion, he should insure that all issues and arguments he wants to present to the Court are included in the amended document as it will supersede the original §2255 motion, becoming the only document then before the Court for consideration.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion to Amend 28 U.S.C. § 2255 Habeas Corpus Petition (CV Dkt. 5) is **DENIED** without prejudice. The **Clerk** shall enclose a copy of the court-approved form used for filing § 2255 motions with Petitioner's copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on November 3, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro se* Petitioner
Amanda C. Kaiser, AUSA

SA/jsh