**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT GRIFFIN BROWN,

    Petitioner,

-vs-                                                Case No.  8:05-CV-607-T-30EAJ
                                                                     8:03-CR-294-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This matter comes before the Court upon receipt of Petitioner's Motion for Leave to Amend 28 U.S.C. § 2255 Habeas Corpus Petition (CV Dkt. 8) and Respondent's Motion for Extension of Time to File Response to 28 U.S.C. § 2255 Motion (CV Dkt. 9). Petitioner seeks leave to amend his motion pursuant to Fed. R. Civ. P. 15(a).

Rule 15(a) provides, in pertinent part, that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

While leave to amend is routinely granted in the absence of undue delay, bad faith, dilatory motive, or undue prejudice, amendment should be denied where, as here, it would be futile. *See Foman*, 371 U.S. 178, 182 (1962); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *Brewer- Giorgio v. Producers Video, Inc.,* 216 F.3d 1281, 1284 (11th Cir. 2000) (motion to amend may be denied if amendment is futile).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"). Prior to AEDPA's enactment, state prisoners had almost unfettered discretion in deciding when to file a federal habeas

petition. Even delays of more than a decade did not necessarily bar a prisoner from seeking relief. *See e.g., Lonchar v. Thomas*, 517 U.S. 314, 315 (1996). The AEDPA established a mandatory one-year "period of limitation" for § 2255 motions.

Because Petitioner's conviction was entered after the date AEDPA was enacted, it is applicable to his petition. Petitioner was sentenced on May 21, 2004. He did not file a direct appeal. Petitioner's conviction and sentence became final on May 31, 2004, when the period for filing a direct appeal expired. Petitioner filed his § 2255 motion on March 22, 2005. Because the claims asserted therein were filed before the expiration of the one-year limitation period on May 31, 2005, they are timely.

A determination that the original motion was timely filed does not, however, operate as a magic talisman to shelter the claims Petitioner seeks to raise in his proposed amended motion. The filing of a timely § 2255 motion does not toll the one-year limitation period. *See Jones v. United States*, 304 F.3d 1035, 1040-41 (11th Cir. 2002). *See also Duncan v. Walker*, 533 U.S. 167, 172 (2001) (finding that AEDPA's one-year limitation period for filing a federal habeas petition is not tolled during pendency of a previously filed federal habeas petition).

As stated *supra*, Petitioner's one-year limitation period expired on May 31, 2005. Petitioner did not file his proposed amended motion until December 12, 2005 (Dkt. 8). Therefore, unless the new claims relate back to one of the claims raised in the original petition, the claims are time-barred. To hold otherwise would allow a prisoner to circumvent the statute of limitations by simply filing an empty federal petition, using Fed. R. Civ. P 15(c) as a method of extending AEDPA's one-year limitations period. *See Davenport v. United States*, 217 F.3d 1341, 1342-46 (11th Cir. 2000), *cert. denied*, 532 U.S. 907 (2001) (finding that to relate back under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings). *See also Jones v. United States*, 304 F.3d

1035, 1038 n.4 (11th Cir. 2002) (noting that the courts "commonly interpret § 2254 and § 2255 in light of each other" (citation omitted)); *Dean v. United States*, 278 F.3d 1218, 1221-22 (11th Cir. 2002); *Pruitt v. United States*, 274 F.3d 1215, 1218 (11th Cir. 2001).

In his motion to amend, Petitioner seeks to add a claim premised on the Supreme Court's holding in *Bailey v. United States*, 516 U.S. 137 (1995). In the original petition, Petitioner asserted "counsel rendered ineffective assistance at the . . . sentencing as counsel had deceived [Petitioner] into signing the plea agreement; breached the confidentiality of the attorney/client privilege by telling the prosecution everything the [Petitioner] told had told him in confidence; failed to let the prosecution know that [Petitioner] had changed his mind about accepting the plea agreement;" failed to object to testimony regarding a 20 year old conviction for selling drugs to an undercover officer as too remote in time to be relevant; calling the wrong witness in support of the motion to suppress; and failing to inform the Court that the prosecutor lied when he informed the Court that the informant had worked for the St. Petersburg Police for 15 years. Petitioner's "cumulative error" argument and his *Baily* claim do not relate back to any of the timely claims set out by Petitioner in the § 2255 motion he filed on March 21, 2005. The new claims were clearly available and known to Petitioner before he began these proceedings.

Having carefully reviewed the claims asserted in the original petition and the claim Petitioner seeks to add in his amendment, the Court finds that Petitioner's motion to amend should be denied because the new claims do not relate back to the original motion. *See Davenport*, 217 F.3d at 1346. As reflected in the March 21, 2005 § 2255 motion he filed, Petitioner was cautioned prior to filing his motion that he should "state every ground on which [he] claim[s]" he is being held in violation f the Constitution, laws, ro treaties of the United States" (Dkt. 1 at 5).

Petitioner fails to demonstrate exceptional circumstances which would warrant equitable tolling of the limitation period. To allow Petitioner to assert a new claim after the statutory one-year limitations period has expired would defeat the purpose of AEDPA to expedite federal habeas review. Amendment to assert a time-barred claim would simply be an exercise in futility.

The only change the Court has been able to discern in the grounds previously asserted is the addition of case law in support of each claim. Petitioner may cite the law he advances in support of his claims in his reply to Respondent's response.

For reasons discussed above, the Court finds that Petitioner's motion to amend should be denied.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion for Leave to Amend 28 U.S.C. § 2255 Habeas Corpus Petition (CV Dkt. 8) is **DENIED**.

2. Respondent's Motion for Extension of Time to File Response to 28 U.S.C. § 2255 Motion (CV Dkt. 9) is **GRANTED** *nunc pro tunc* January 19, 2006. Respondent shall file a response to the § 2255 on or before February 19, 2006. Further extensions will not be routinely granted.

**DONE** and **ORDERED** in Tampa, Florida on February 13, 2006.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro se* Petitioner
Judy K. Hunt, AUSA

SA/jsh