**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT GRIFFIN BROWN,

    Petitioner,

v.	Case No:  8:16-cv-1546-T-30AAS
       Crim. Case No: 8:03-cr-294-T-30AAS

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner Robert Griffin Brown's successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) filed on June 14, 2016.[1]  By his motion, Petitioner asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016).  Pursuant to § 2255(f)(3), Petitioner's motion was timely filed within one year of *Johnson*.  The government agrees that Petitioner is entitled to relief under *Johnson* because Petitioner was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), but due to *Johnson*'s invalidation of the residual clause, Petitioner no longer has the requisite three qualifying predicate offenses to be sentenced under the ACCA.  (CV Doc. 2).

---

[1] On June 13, 2016, the Eleventh Circuit granted Petitioner's request to file a successive motion under § 2255. (CR Doc. 111).  As such, this Court has jurisdiction to consider Petitioner's claim.

On February 6, 2004, Petitioner pled guilty to (1) possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A) (Count I), (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(C) (Count II), (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (Count III), and (4) use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count IV). (CR Docs. 54, 57-58). On May 21, 2004 Petitioner was sentenced to 248 months' imprisonment, consisting of concurrent terms of 188 months on Counts I, II, and III, and 60 months, to run consecutive to all other counts, on Count IV. (CR Doc. 61). Concurrent terms of 60 months' supervised release were imposed on each count. (*Id.*).

On Count III, Petitioner was sentenced pursuant to the ACCA based on three predicate offenses, which included two counts of sale and possession of cocaine and one count of carrying a concealed firearm. (PSR at ¶ 26). Carrying a concealed firearm qualified as an ACCA predicate offense under the residual clause. In light of *Johnson*, Petitioner no longer qualifies for an enhanced sentence under the ACCA. Consequently, Petitioner's motion should be granted.

Without the ACCA enhancement on Count III, the count carries a statutory maximum of ten years' imprisonment and three years' supervised release. *See* 18 U.S.C. §§ 924(a), 3583(b)(2), 3559(a)(3). At the time Petitioner was sentenced, the sentencing guidelines, without the ACCA enhancement, would provide for a total offense level of 29, criminal history category of III, and a guideline range of 108 to 135 months' imprisonment on all counts except Count IV, which carries a mandatory 60-month consecutive sentence.

Count I carries a mandatory minimum sentence of ten years' imprisonment. But pursuant to the Fair Sentencing Act of 2010, the mandatory minimum was reduced to five years' imprisonment.

In contrast, the current sentencing guidelines provide for a total offense level of 21, criminal history category of III, and a guideline range of 46 to 57 months' imprisonment on all counts except Count IV, which still carries a mandatory 60-month consecutive sentence.

Petitioner has been in custody since May 16, 2003, and his current projected release date is April 30, 2021. (CV Doc. 2). The parties presently request that Petitioner's sentence be reduced by 68 months on Counts I, II, and III, resulting in a total term of imprisonment of 180 months. (*Id.*). The parties also request that as to Count III, Petitioner's term of supervised release be reduced to three years. (*Id.*). Petitioner does not request a resentencing hearing, waives his right to be present at a resentencing hearing, and consents to being resentenced without his present in accordance with the parties' agreement. (*Id.*).

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Robert Griffin Brown's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is GRANTED.

2. The sentence in case no. 8:03-cr-294-T-30AAS at Doc. 61 is VACATED.

3. Petitioner's sentence in case no. 8:03-cr-294-T-30AAS shall be reduced on Counts I, II, and III, to 120 months' imprisonment to run concurrently, and 60 months' imprisonment on Count IV, to run consecutively to the sentences imposed on Counts I, II, and III. These sentences shall be followed by five years' supervised release as to Counts

I, II, and IV, and three years' supervised release as to Count III, with all terms of supervised release to run concurrently. An amended judgment shall be issued in case no. 8:03-cr-294-T-30AAS.

    4.    The Clerk is directed to close this case and deny any pending motions as moot.

    **DONE** and **ORDERED** in Tampa, Florida, this 6th day of July, 2016.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2016\16-1546 Brown v. USA.GrantingRelief.docx